IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2016

**MARCUS T. JOHNSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
No. 94097    Steven Wayne Sword, Judge
_____

**No. E2016-00642-CCA-R3-CD – Filed November 7, 2016**
_____

Marcus T. Johnson ("the Defendant") pled guilty to sale of .5 grams or more of cocaine, a Class B felony. The Defendant was sentenced as a Range I standard offender to ten years of probation. The Defendant now appeals from the denial of his fourth Rule 36.1 motion. After reviewing the record and applicable law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Marcus T. Johnson, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and Charme Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

On April 7, 2011, the Defendant pled guilty to sale of .5 grams or more of cocaine, a Class B felony. Pursuant to a plea agreement, the trial court sentenced the Defendant, as a Range I standard offender, to ten years and suspended the sentence to supervised probation. The trial court later revoked the Defendant's probation and ordered the Defendant to serve the remainder of his sentence in confinement.

Since his probation revocation, the Defendant has filed a plethora of motions in the trial court. The Defendant filed his first Rule 36.1 Motion on October 16, 2013. The Defendant filed a second Rule 36.1 Motion on May 29, 2015, which the trial court denied.[1] The Defendant filed his third Rule 36.1 Motion on September 14, 2015, which the trial court denied. This court affirmed the trial court's denial on July 13, 2016. State v. Marcus T. Johnson, No. E2016-00004-CCA-R3-CD, 2016 WL 3912565, at *3 (Tenn. Crim. App. July 13, 2016), perm. app. denied (Tenn. Oct. 19, 2016). The Defendant filed his fourth and current Rule 36.1 motion on February 4, 2016. In this motion, the Defendant argued that his sentence of ten years with a thirty percent release eligibility for a Class B felony was illegal. The Defendant asserted that because trial counsel verbally informed him that he would be pleading to a Class C felony as a Range I standard offender and his plea agreement did not state that he was pleading to a Class B felony, his proper sentencing range was three to six years. The trial court denied this motion on February 23, 2016, finding that "the [D]efendant ha[d] failed to present any issues indicating that his judgment is illegal." This appeal followed.

## II. Analysis

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> . . .
>
> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.
>
> . . .
>
> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to

---

[1] It is unclear from the technical record how the trial court ruled on the Defendant's first Rule 36.1 motion and whether the Defendant appealed the denial of his second Rule 36.1 motion.

withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1. Under this rule, a defendant must state a colorable claim for relief before he is entitled to a hearing and appointment of counsel. Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). The term "colorable claim" is not defined in Rule 36.1. This court had adopted the definition of colorable claim from post-conviction cases: "A colorable claim is a claim . . . that, if taken as true, in light most favorable to [the defendant], would entitle [the defendant] to relief[.]" State v. Mark Edward Green, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).

In his appellate brief, the Defendant has failed to include coherent argument, citation to case law or statute, or references to the record in support of his claim that his sentence is illegal. Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Crim. App. R. 10(b); see also Tenn. R. App. P. 27(a)(7). Therefore, the issues contained in the Defendant's fourth Rule 36.1 motion are waived.

In any event, it is clear from the record that the trial court properly denied the Rule 36.1 motion. The Defendant's judgment of conviction reflects that the Defendant pled guilty, as a Range I standard offender, to sale of .5 grams or more of cocaine and received a sentence of ten years' probation. As stated above, a sentence is illegal if it is "not authorized by the applicable statutes or . . . directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1. A ten-year sentence for a standard offender convicted of a Class B felony is authorized by statute. Tenn. Code Ann. § 40-35-112(a)(2) ("A Range I sentence is as follows: . . . [f]or a Class B felony, not less than eight (8) nor more than twelve (12) years."). Therefore, the Defendant failed to state a colorable claim, and the trial court did not err by denying the Defendant's Rule 36.1 motion. The Defendant is not entitled to relief.

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE